UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:94CV227-3-W
(3:92CR155-P)

| | |
|---|---|
| AMIL DINSIO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion To Proceed In Forma Pauperis and for the Appointment of Counsel and Petitioner's Motion for Reconsideration Pursuant to Rule 60(b) (Document Nos. 7 and 8.) For the reasons stated herein, the Petitioner's Motion for Reconsideration will be denied and his Motion to Proceed In Forma Pauperis and for the Appointment of Counsel will be dismissed as moot.

According to the record of this matter, Petitioner was charged by Indictment on June 1, 1992 with conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371 and attempted bank robbery, attempted bank larceny and aiding and abetting in the same in violation of 18 U.S.C. §§ 2113(a) and 2113(b). On November 24, 1992, Petitioner pled, pursuant to a plea agreement, to the charges contained in the Indictment and was sentenced to 46 months imprisonment and 36 months of supervised release.

On June 30, 1994 Petitioner file a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. On March 22, 1995, the Honorable Robert Potter denied Petitioner's Motion

1

to Vacate. Petitioner filed two motion for reconsideration of Judge Potter's Order denying his Motion to Vacate and each was denied.[1]

On July 28, 2008, over thirteen years after Judge Potter denied Petitioner's Motion to Vacate, Petitioner filed the instant motion asking this Court to "reopen" his § 2255 case due to the fact that the he was denied a fair opportunity to present his 2255 issues because of fraud on the Court. Specifically, Petitioner contends that "the clerk in the district court received the petitioner's response to the government's response to the 2255 motion and presented it to the court. The court and the United States Attorney's realizing they could not defense against the issues as laid out in the petitioner's response to the government's response, and realizing that the petitioner never mailed his response to the government's response by certified mail to the clerk for filing, they, the court and the United States Attorney's office, simply had the court clerk make a new docket sheet to show the clerk never received the petitioner's response to the government's response to the 2255 motion."

Petitioner makes his motion pursuant to Federal Rule of Civil Procedure 60(b) which provides for relief from judgment for a variety on enumerated reasons including fraud, misrepresentation, or other misconduct which falls within subsection 3 of Rule 60(b). The rule specifically provides that motions shall be brought within a reasonable time, and that motions brought pursuant to subsections (1), (2), or (3) shall not be brought more than one year after the judgment, order or proceeding was entered or taken. The instant motion was filed more than thirteen

---

[1] The first motion for reconsideration was filed on April 1, 1995 and the second was filed on July 19, 1995. See criminal docket 3:92cr155, document numbers 43 and 45. After Petitioner filed his second motion for reconsideration, Judge Potter issued an order denying the motion and instructing that Petitioner shall not file anything further in this district without first requesting and obtaining leave of this Court. Judge Potter admonished Petitioner that if he failed to comply with his Order or if he submitted any frivolous request, monetary sanctions would be imposed. See Doc. No. 46

years after Judge Potter denied Petitioner's Motion to Vacate. This is well over the one year limitation provided for motions made pursuant to Rule 60(b)(1), (2) or (3) and is also more than a "reasonable time" provided for motions brought under any other subsection of Rule 60 (b). For this reason, Petitioner's motion is denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Doc. No. 8) is <u>Denied</u> and Petitioner's Motion to Proceed In Forma Pauperis and for the Appointment of Counsel is dismissed as moot.

**SO ORDERED**.

Signed: July 31, 2008

Frank D. Whitney
United States District Judge